UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| In re: | ) | CASE NO. 19-41248 |
|---|---|---|
| | ) | Chapter 13 |
| CATHERINE K. ELISEO | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtor. | ) | |
| | ) | |
| | ) | |
| | ) | |

OBJECTION TO CLAIM NO. 13
OF DOVER MEADE CONDOMINIUM ASSOCIATION, FILED 09/16/2019

Catherine K. Eliseo, by and through her legal counsel hereby alleges as follows:

Summary of Relief Requested

1. Ms. Eliseo objects to Claim No. 13 (the "Claim") of Dover Meade Condominium Association ("Dover Meade") and seeks an order from this Court directing the Trustee to pay Dover Meade $5,661.84 as a secured claim, with no interest thereon, and $20,125.47 as a general unsecured claim.

Jurisdiction and Legal Predicates for Relief

2. This is a core proceeding pursuant 28 U.S.C. §157(b)(2)(B), and the Court has jurisdiction over this matter pursuant to §§157(a), 157(b), and 1334(b).

3. The legal predicates for the requested relief are *W. Chateau Condo. Unit Owners' Assn., Inc. v. Zanders*, 8th Dist. App. No. 83298, 2004-Ohio-1450, and *In re Rafuse*, Case No. 08-50283 (Bankr. N.D. Ohio 2008).

Background

4. Ms. Eliseo filed this case for relief under Chapter 13 of the Bankruptcy Code on July 8, 2019 (the "Petition Date").

5. In Schedule A/B, Ms. Eliseo listed a fee simple interest in and to Condominium Unit A located at 1400 Maplecrest Drive in Austintown Township, Ohio.

6. On June 15, 2017, Dover Meade recorded a Certificate of Lien for Nonpayment of Common Assessments (the "Lien") with the Mahoning County Recorder, a copy of which is attached hereto as <u>Exhibit A</u> and incorporated herein by reference as if fully rewritten.

7. On September 16, 2019, Dover Meade filed the Claim seeking payment of $25,787.31 as a secured claim with post-petition interest thereon at the rate of 8.00% per annum. The Claim provides that the amount owed on the Petition Date is itemized as follows:

| | |
|---|---|
| Principal Balance of Unpaid Monthly Dues | $5,766.40 |
| Late Fees on Unpaid Monthly Dues | $5,120.00 |
| 8% Interest on the Principal Balance and Late Fees | $4,644.86 |
| Attorneys' Fees | $7,991.74 |
| Court Costs | $2,264.31 |
| **Total:** | **$25,787.31** |

<u>Argument</u>

8. In *Zanders*, supra, West Chateau Condominium Unit Owners Association, Inc. ("West Chateau") recorded a lien that claimed entitlement to $7,609.83, plus 10% interest from September 10, 1999, for unpaid assessments against Mr. Zanders' condominium. Subsequently, West Chateau foreclosed on Mr. Zanders' condominium. *Zanders* at ¶2. Mr. Zanders did not respond to the foreclosure complaint, and the trial court entered a default judgment against him. Id. at ¶3. In the default judgment order, the trial awarded West Chateau $7,609.83, plus interest at 10% from September 10, 1999, from the proceeds of the foreclosure sale in satisfaction of its lien on Mr. Zanders' condominium. Id. at ¶1.

9. On appeal, West Chateau argued that the trial court erred in finding that its lien was limited to the costs and assessments that had accrued at the time the lien was recorded. Id. According to West Chateau, the award should have included the additional amounts accrued by Mr. Zanders after the lien was recorded. Id. In support of its argument, West Chateau cited *In re Barcelli*, 270 B.R. 837 (Bankr. S.D. Ohio 2001), for the proposition that § 5311.18 of the Ohio Revised Code allows filed liens to perfect an interest in debts accumulated after the date of filing. Id. at ¶7. However, the appellate court rejected West Chateau's argument and concluded that the trial court correctly interpreted R.C. 5311.18 in concluding that R.C. 5311.18 makes no such provision. Id.

10. *In re Rafuse*, supra, Ms. Rafuse filed for relief under Chapter 13 of the Bankruptcy Code. Subsequently, Oak Knolls Condominium Association ("Oak Knolls") filed a claim in the amount of $2,977.97 secured by a lien on the debtor's residence. "The documentation attached to the proof of claim indicates that the claim is based on unpaid maintenance fees for the [Ms. Rafuse's] condominium and related charges, including $1210 (sic) in attorney fees." Additionally, the claim included a copy of the lien filed on Ms. Rafuse's property, "which states that the amount of the lien is $1124.49 plus interest at 8% per annum from the 21st day of September, 2007 and any unpaid assessment accruing hereinafter until this lien is satisfied."

11. Ms. Rafuse objected to the claim arguing that the attorney fees were not allowed under Ohio law, and Oak Knolls filed a response thereto. In granting [Ms. Rafuse's] objection, the Bankruptcy Court for the Northern District of Ohio explained:

> As stated in *W. Chateau Condo. Unit Owners 'Assoc. v. Zanders*, a condominium association's lien may include only amounts stated in the lien and not after-accumulated debts. In that case, the court indicated that the certificate of the lien would not give adequate

> notice of any amounts other than those specifically stated in the recorded certificate. The facts of this case do not vary on that point and consequently, the [Oak Knolls'] lien is not valid for any amount beyond that stated on the certificate of lien, which is $1124.49 plus 8% interest. Although another bankruptcy court allowed such a "continuing lien" in *In re Barcelli*, the Court is not persuaded by that case. *Barcelli* was decided before *W. Chateau Condo Unit Owners Assoc.* and relied primarily on case law interpreting a similar New York statute. As an Ohio appellate court has now addressed this question of state law, the *Barcelli* decision is not now persuasive.
>
> The lien certificate filed by the [Oak Knolls] is dated October 2, 2007. From the account statement submitted together with the [Oak Knolls'] proof of claim, it does not appear that any attorney fees were outstanding on the account on that date. Consequently, no attorney fees were included in the $1124.49 amount stated in the lien certificate. * * *
>
> It is therefore ordered that claim #15 * * * is a secured claim in the amount of $1124.49 plus interest at 8% per annum from the 21st day of September 2007, as described in the certificate of lien. Additional amounts owed to the [Oak Knolls] shall be treated as unsecured and paid accordingly.

12. Based on *Zanders* and *Rafuse,* the Claim is only secured "as described in the certificate of lien." The Lien states that the Creditor's Board of Managers "issued an assessment to Catherine Eliseo-Dick for her failure to comply with the provisions of the Declaration of Condominium and By-Laws in the amount of $5,661.84 arising from unpaid common charges and late fees thereon from April 1, 2014 through May 31, 2017 * * *." Therefore, the Claim is secured in the amount of $5,661.84, and the remaining amounts, including pre-petition interest and attorneys' fees, must be treated as a general unsecured claim and paid accordingly.

WHEREFORE, this objection should be sustained.

Respectfully submitted,

ANTHONY & ZOMOIDA, LLC

/s/ John N. Zomoida, Jr.
John N. Zomoida, Jr. (0072742)
Town One Square
40 S. Main Street
Poland, Ohio 44514
Tele: (330) 259-0043   Fax: (330) 259-9094
John@Anthony-Zomoida.com

Attorney for Catherine K. Eliseo

CERTIFICATE OF SERVICE

I certify that, on October 23, 2019, a true and correct copy of this Objection to Claim No. 13 of Dover Meade Condominium Association was served:

Via the court's Electronic Case Filing System on these entities and individuals who are listed on the court's Electronic Mail Notice List:

Michael A. Gallo, Chapter 13 Trustee, at mgallo@gallotrustee.com

And by U.S. regular mail, postage prepaid, to:

| | |
|---|---|
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541 | Dover Meade Condominium Association<br>c/o: T. Scott Kamenitsa, Jr.<br>3801 Starrs Centre Drive<br>Canfield, Ohio 44406 |

/s/ John N. Zomoida, Jr.
John N. Zomoida, Jr. (0072742)
Town One Square
40 S. Main Street
Poland, Ohio 44514
Tele: (330) 259-0043   Fax: (330) 259-9094
John@Anthony-Zomoida.com