**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig**
**United States Bankruptcy Judge**

**Dated: 02:22 PM April 20, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| CATHERINE KAY ELISEO, | ) | CASE NO. 19-41248 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

Debtor objected to the proof of claim filed by Dover Meade Condominium Association ("Dover Meade"). The court held a hearing on January 16, 2020. After the hearing, the parties were granted leave to file post-hearing memoranda, which have been submitted. The matter is now ready for determination.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference issued by the United States District Court for the Northern District of Ohio. General Order 2012-7. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(B). The court has authority to enter final orders in this matter. Pursuant to 28 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

# FACTS

Debtor resides in a condominium at 1400 Maplecrest Drive, Unit A, Austintown, Ohio. She values the condo at $50,000.00. As a resident, she is responsible for a share of the common expenses, assessments and the association dues. She has not always paid. As a result, Dover Meade recorded a Certificate of Lien with the Mahoning County Recorder on June 15, 2017. The lien references "$5,661.84 arising from unpaid common charges and late fees thereon from April 1, 2014 through May 31, 2017 for which the unit owner is liable as a proportionate share of the common expenses of the condominium. Such charges continue to accrue due to [Debtor's] failure to comply." (Proof of Claim 13-1, ¶ 5.)

Dover Meade filed a foreclosure action in 2017. On December 27, 2018, the Mahoning County Court of Common Pleas granted Dover Meade judgment and issued a decree of foreclosure. The judgment found Dover Meade was

> due outstanding common expenses, assessments, and association dues plus late [sic] in the amount of $8,723.54 through November 30, 2018 plus interest at the rate of 8% from April 1, 2018 per the condominium declarations, the same amounting to $3,265.83, and reasonable attorneys' fees expended associated with this matter in the amount of $7,991.74, as set forth in its Complaint, together with costs and the cost of any title searches on the subject real estate.

(Proof of Claim 13-1, Part 3, pp. 1-2.)

Debtor filed a chapter 13 bankruptcy petition on July 8, 2019. She listed Dover Meade as a secured creditor, owed $5,700.00. In her chapter 13 plan, she proposes to pay Dover Meade $90.00 per month for the current liabilities. The $5,700.00 arrearage will be paid through the plan at approximately $95.00 per month.

On September 16, 2019, Dover Meade filed a proof of claim for $25,787.31 and claimed it was fully secured by virtue of the recorded certificate of lien. The proof of claim contains the following breakdown of the total claimed:

| | |
|---|---:|
| Non-payment of dues from April 1, 2014 to July 1, 2019 | $5,766.40 |
| Late fees on above | $5,120.00 |
| Accrued interest at 8% from April 1, 2014 to July 1, 2019 | $4,644.86 |
| Attorney fees | $7,991.74 |
| Foreclosure case court costs | $2,264.31 |
| | $25,787.31 |

# DISCUSSION

The court must determine the amount Dover Meade's lien secures. Dover Meade contends it secures both the pre-recordation and post-recordation amounts set forth in its proof of claim. Debtor disagrees.

### I. A certificate of lien filed pursuant to Ohio Revised Code § 5311.18(A)(3) does not include after-acquired debts.

Ohio Revised Code § 5311.18 prescribes Dover Meade's right to a lien on the property. Under § 5311.18(A)(1), a lien includes any authorized "common expenses . . . interest, administrative late fees, enforcement assessments, and collection costs, attorney's fees, and paralegal fees" that remain unpaid ten days after the expenses come due. The lien "is effective on the date that a certificate of lien . . . is filed for record." O.R.C. § 5311.18(A)(3). The lien must set forth "the amount of the unpaid portion of the common expenses and, subject to subsequent adjustments, any unpaid interest, administrative late fees, enforcement assessments, collection costs, attorney's fees, and paralegal fees." Id.

Dover Meade relies on a 2001 decision from the Bankruptcy Court for the Southern District of Ohio as support for its "continuing lien" theory. In re Barcelli, 270 B.R. 837 (Bankr. S.D. Ohio 2001). In Barcelli, the condominium association objected to confirmation, arguing its secured claim included unpaid, post-lien payments owed by Debtor. Debtor argued that the lien included only the amounts referenced in the lien. The bankruptcy court sided with the association. In reviewing the statute, it recognized that the statute did not specifically provide for a continuing lien but was of the opinion such specificity was unnecessary. It cited a decision from a New York state court interpreting a similar statute that highlighted policies underlying a continuing lien theory, including protection of the condominium project and residents who paid their fees. Id. at 839 (citing Washington Fed. Savings & Loan Ass'n v. Schneider, 95 Misc.2d 924 (N.Y. Sup.Ct. 1978)). It also examined the association's by-laws which distinctly supported a continuing lien theory.

Barcelli predates the current version of the statute, amended in 2004. While the previous version of the statute provided for a lien "for the payment of the portion of the common expenses chargeable against the unit," under the amended statute, the lien includes common expenses "and, subject to subsequent adjustments, any unpaid interest, administrative late fees, enforcement assessments, collection costs, attorney's fees, and paralegal fees." O.R.C. § 5311.18(A)(3). Nothing in the amendment commands limitation of Barcelli.

The two cases cited by Debtor reject Barcelli's interpretation of the statute. West Chateau Condo. Unit Owners Ass'n, Inc. v. Zanders, 2004 WL 583890 (Ohio App. 2004)[1]; In re Rafuse, Case No. 08-50283 (Bankr. N.D. Ohio September 10, 2010). In West Chateau, an Ohio appellate court rejected Barcelli's conclusion that statutory omission of continuing lien language was incidental, refusing to interpret the statute to include after-acquired debts when the statute

---

1 West Chateau also predates the amended statute.

3

did not distinctly provide for them. Id. at *2. In further exposition, it stated

> Just as there may be sound policy reasons in favor of allowing a filed lien to reach after-acquired debts, there may be competing reasons to require condominium associations to file updated lien certificates as debts accrue. Adopting West Chateau's interpretation of R.C. 5311.18 would cause difficulty because the statute does not give adequate notice that a recorded lien would reach after-acquired debts. Recordation of a lien serves to notify others of real estate encumbrances, both to preserve the priority of a lienholder's interest and to notify potential lenders, buyers, or contractors of the interest.

Id.

In 2010, a sister bankruptcy court declined to follow Barcelli in light of West Chateau. Rafuse, Case No. 08-50283. It did not elucidate on the statute or underlying policy, merely electing to rely on the more recent decision issued by an Ohio court.

More recent decisions further bolster Debtor's position. One Bratenahl Place Condo. Ass'n, Inc. v. Sliwinski, 37 N.E.3d 213 (Ohio App. 2015); Village of Woodcreek Condo. Owners' Ass'n, Inc. v. Deidenhofer, 2016 WL 3961930 (Ohio Com. Pl. 2016). The latter relied heavily on the former which provided the most illumination of the statute to date and affirmed West Chateau. The appellate court directly considered the meaning of the "subject to subsequent adjustments" language added by the amendment, determining the phrase, "without more, refers to recorded liens that may be adjusted and modified accordingly with a later-filed lien." One Bratenahl, 37 N.E.3d at 218. In part, it based its finding on a comparable planned community statute[2] that, unlike O.R.C. § 5318.11, also contains specific "continuing lien" language. Since the planned community statute called for a continuing lien, the court interpreted "subsequent adjustments" to include post-lien amounts. Id. In the absence of the continuing lien language in 5318.11, it was unwilling to include post-lien amounts. As additional support for the limitation to amounts contained in the certificate of lien, the court also looked at legislative history, which showed the legislature failed to adopt various proposals to add "continuing lien" language to O.R.C. § 5311.18. Finally, it noted its concerns about the continuing lack of notice of inclusion of after-acquired debts to third parties. Village of Woodcreek followed, and expanded, One Bratenahl.

Upon review of the authority cited above, Debtor's position is better supported. The legislature's use of "continuing lien" language in another statute, but not in the subject statute, speaks of a meaningful intent to exclude after-acquired debts from a recorded certificate of lien. While it does complicate matters for a condominium association, that is a matter for the legislature, not this Court. Additionally, the court owes deference to the state courts' unanimous interpretation of a state statute. The court finds that Dover Meade's certificate of lien does not

---

[2] O.R.C. § 5312.12(B)(2).

include amounts that came due and that Debtor owes after the lien was recorded.

### II. Dover Meade has a foreclosure judgment that secures amounts in excess of those contained in the Certificate of Lien.

Following recordation of the Certificate of Lien, Dover Meade instituted a foreclosure action in the Mahoning County Court of Common Pleas. On December 27, 2018, that court issued a Judgement (sic) Entry Granting Judgment and Decree of Foreclosure. The decree outlined the amounts owed, including common expenses, assessments and association dues totaling $8,723.54 through November 30, 2018; interest at 8% from April 1, 2018 totaling $3,265.83; $7,991.74 in attorneys' fees; and costs. After referencing the total amount due, it stated

> in order to secure the outstanding balance owed by Defendant, a certain Certificate of Lien was executed and delivered securing the following premises . . . and is the first and best lien upon said premises subject only to the lien of the Treasurer for taxes.

(Memo. in Further Opposition, Ex. A at pp. 1-2, ECF No. 39-1) It found that other amounts could be added to the lien, including payments made by Dover Meade for real estate taxes, hazard insurance, and property protection and also recognized Dover Meade may be entitled to additional amounts for maintenance fees and assessments prior to sale. At the time of entry, the total amount due Dover Meade was $21,066.46. The court entered judgment and authorized foreclosure of the lien.

Dover Meade contends that the foreclosure judgment operates to secure the entire balance it is owed. Debtor disagrees, arguing collateral estoppel prevents Dover Meade from claiming more than $8,723.64 plus interest as secured under the foreclosure judgment.

Collateral estoppel, also known as issue preclusion, bars relitigation of an issue previously decided. In Ohio, there are four components necessary for issue preclusion to apply:

> 1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; 2) The issue must have been actually and directly litigated in the prior suit and must have been necessary to the final judgment; 3) The issue in the present suit must have been identical to the issue in the prior suit; 4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

Sill v. Sweeney (In re Sweeney), 276 B.R. 186, 189 (B.A.P. 6th Cir. 2002) (other citations omitted). The parties do not dispute that the foreclosure judgment is entitled to preclusive effect. They argue over interpretation of the judgment.

For her position, Debtor cites the following:

> To Plaintiff, Dover Meade Condominium Association, the sum of $8,723.64 with interest thereon at eight percent (8%) per annum from April 1, 2014, and further unpaid fees on its judgment and valid lien foiled on subject premises, and its attorneys' fees in the amount of $7,991.94 per statute and the Condominium Declarations, and advances, if any, for real estate taxes, hazard insurance premiums, and property protection/preservation.

(Opp. Resp. to Obj. to Claim, p. 3, ECF 39-1.) Relying on this provision, she wants to parse the judgment between amounts secured by the lien from other amounts contained in the judgment. Debtor's position is untenable.

The Ohio Supreme Court recently opined on foreclosure actions, explaining "[t]he order of foreclosure determines the extent of each lienholder's interest, sets out the priority of the liens, determines the other rights and responsibilities of each party, and orders the property to be sold by sheriff's sale." Farmers State Bank v. Sponaugle, 157 Ohio St.3d 151, 155 (2019) (citation omitted). A foreclosure decree is a final, appealable order on these issues.

The judgment issued by the state court determined the extent of Dover Meade's interest in Debtor's property and that interest was not limited to the amount contained in the Certificate of Lien. Its interest in the property was based on the amount owed, $21,066.46, plus certain expenses accruing in the future.[3] The state court also determined that Dover Meade's lien was the first and best lien on the premises subject only to the county's tax lien. Under the foreclosure judgment, Dover Meade's interest in Debtor's property is not limited to the amount set forth in the Certificate of Lien. "The foreclosure judgment is a property interest which replaced [the] lien and . . . entitled to enforcement as part of [the condo association's] in rem rights." In re Jackson, 554 B.R. 156, 167 (B.A.P. 6th Cir. 2016).

The court recognizes the state court in Bratenahl declined to permit the condominium association from recovering post-lien amounts. 37 N.E.3d 213. The case is readily distinguishable. Although the magistrate recommended inclusion of post-lien amounts in the judgment, those recommendations were not adopted, and the judgment was limited to the amount set forth in the liens. When the condominium association attempted to recover post-lien amounts following sale, the court declined. Here, the state court specifically and directly included post-lien amounts in its judgment.

To the extent that Debtor contends that the state court was wrong in including post-lien amounts in its judgment, *Rooker-Feldman* prevents review. Issacs v. DBI-ASG Coinvestor Fund, III, LLC (In re Isaacs), 895 F.3d 904 (6th Cir. 2018). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from

---

[3] Sponaugle also held that unspecified amounts may be included in a foreclosure judgment, subject to contest during sale confirmation. Id. at 312.

asserting jurisdiction. If there is some other source of injury ... then the plaintiff asserts an independent claim" that is not subject to the *Rooker-Feldman* bar. Berry v. Schmitt, 688 F.3d 290, 299 (6th Cir. 2012) (alteration in original) (quoting McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)). Claiming the state court erred plainly makes the state court decision the subject of Debtor's complaint and leaves this court with its hands tied.

## CONCLUSION

Debtor's position that Dover Meade's Certificate of Lien is limited to the amounts contained in the lien is well-taken. However, Dover Meade's foreclosure judgment supplants the Certificate of Lien. Dover Meade may claim a secured claim for the amount of the judgment. Debtor's objection to Dover Meade's claim will be overruled by a separate order to be entered immediately.

# # #

**Service List:**

John N. Zomoida, Jr
Anthony & Zomoida, LLC
Town One Square
40 S. Main Street
Poland, OH 44514